T.C. Memo. 2000-294


UNITED STATES TAX COURT


TALMADGE AND REATHA SWANAGAN, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

TALMADGE SWANAGAN, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 10960-99, 10961-99.  Filed September 20, 2000.


Wanda Kamphuis Zatopa, for petitioners.

Jennifer L. Nuding, for respondent.


MEMORANDUM OPINION


LARO, Judge:  Petitioners move the Court under section 7430 to award them $1,656.25 in attorney's fees and $89.20 in court costs.  Respondent objects thereto, arguing:  (1) Petitioners did not exhaust their administrative remedies, (2) respondent's

position in this proceeding was substantially justified, (3) petitioners generally have not established that they paid the requested costs, and (4) some of the requested costs are unreasonable.

We ordered the parties to file with the Court a joint statement setting forth the disputed and undisputed facts relevant to the subject motion. Following our receipt of that statement, we now decide whether we shall grant the motion. We shall deny it. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the relevant years, and Rule references are to the Tax Court Rules of Practice and Procedure.

## Background[1]

Petitioners were husband and wife during the subject years, and they resided in Maywood, Illinois, when we filed their petitions. They filed a 1994 Federal income tax return using the filing status of "Married filing joint return". Talmadge Swanagan (petitioner) filed a 1995 Federal income tax return using the filing status of "Married filing separate return".

---

[1] We have found the facts set forth herein from the parties' statement of undisputed facts. Although the parties have listed on that statement some disputed facts, we need not resolve the parties disagreements as to those disputed facts. The undisputed facts set forth a sufficient foundation on which we may and do decide petitioners' motion.

Respondent, through his District Director, commenced an audit of petitioners' 1994 and 1995 taxable years about June 1997. In connection therewith, the District Director requested certain information; petitioners ultimately provided some, but not all, of this information to the District Director. The District Director concluded the audit on July 2, 1998, proposing certain upward adjustments to petitioners' income. On that date, the District Director also mailed to petitioners two 30-day letters (one for 1994 and one for 1995) listing proposed upward adjustments of $5,675 and $12,493 to the respective years' income. The 30-day letter invited petitioners to request an administrative appeals conference to discuss these proposed adjustments, providing: "IF YOU * * * wish a conference with the Regional Office of Appeals [Appeals], YOU MUST LET US KNOW within 30 days." The 30-day letter explained the procedures for requesting a conference with Appeals.

Petitioners never requested a conference with Appeals for either year. Nor did they ever deliver to respondent a written protest as to the District Director's conclusions set forth in the 30-day letters.

On March 19, 1999, respondent issued the notices of deficiency to petitioners. As to 1994, respondent determined that petitioners were liable for a $5,383 deficiency and a $1,070.60 accuracy-related penalty under section 6662(a). As to

1995, respondent determined that petitioner was liable for a $14,089 deficiency and a $2,817.80 accuracy-related penalty under section 6662(a).

Petitioners retained Ms. Zatopa on or about April 5, 1999, to serve as their representative as to the subject years. Two months later, petitioners and Ms. Zatopa signed an agreement in which petitioners agreed to pay Ms. Zatopa $50 an hour in connection with this proceeding. The agreement also provided: "If Attorney [Ms. Zatopa] is successful in overturning parts or all of the Commissioner's decisions, Attorney will seek to recover attorney's fees, if and where permitted under the Internal Revenue Code, at the rate of $110 per hour from the Internal Revenue Service."

On June 15, 1999, Ms. Zatopa petitioned the Court on behalf of petitioners to redetermine the determinations reflected in the notices of deficiency. Respondent transferred the case to Appeals approximately 2 months later, and Appeals settled the case with petitioners after receiving from them additional information. Respondent conceded all items for 1994 and all but a $777 deficiency for 1995.

Petitioner paid Ms. Zatopa $1,325 (26.5 hours times $50 an hour) for her work on this case.

## Discussion

We may grant petitioners' motion if they meet all of the statutory requirements for an award of litigation costs. See sec. 7430(b) and (c); see also Rule 232(e); Dixson Intl. Serv. Corp. v. Commissioner, 94 T.C. 708, 714, 715 (1990); Minahan v. Commissioner, 88 T.C. 492, 497 (1987). The parties dispute the four requirements noted above.

We focus on the first of those requirements; namely, that a taxpayer must exhaust administrative remedies available within the Internal Revenue Service before petitioning this Court with respect to the underlying year. See sec. 7430(b)(1). We conclude that petitioners have not met this requirement. Petitioners never requested a conference with Appeals as to either 1994 or 1995, although such a conference was available. Section 301.7430-1(b)(1), Proced. & Admin. Regs., provides that, where a conference with Appeals is available, administrative remedies are exhausted only when the taxpayer (1) participated in a conference with Appeals before petitioning this Court, or (2) requested such a conference (as applicable herein, by filing a written protest with respondent) and had its request denied.

We hold that petitioners do not qualify for an award of litigation costs under section 7430. Cf. Patel v. Commissioner, T.C. Memo. 1998-306; Jacoby v. Commissioner, T.C. Memo. 1997-384; Burke v. Commissioner, T.C. Memo. 1997-127. In so holding, we

reject summarily petitioners' argument that they need not have met the regulatory requirements of section 301.7430-1(b)(1), Proced. & Admin. Regs., in order to recover litigation costs because the 30-day letter was silent as to this requirement.  We have considered all other arguments for a contrary holding and find those arguments to be irrelevant or without merit.  To reflect the foregoing,

<u>An appropriate order will be issued, and decisions will be entered in accordance with the parties' settlement</u>.